Filed 11/22/23  In re X.A. CA4/2
See dissenting opinion.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re X.A., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E081399 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ2100247) |
| v. | OPINION |
| C.A., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mona M. Nemat, Judge.

Affirmed.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and

Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Carissa A. Rarick,

Deputy County Counsel for Plaintiff and Respondent.

1

Defendant and appellant C.A. (Mother) is the mother of M.B. (female, born May 2010), D.B. (female, born May 2016), and X.A. (male, born April 2021; Minor). Mother appeals from the juvenile court's order terminating her parental rights under Welfare and Institutions Code[1] section 366.26. Mother challenges the court's finding that the Indian Child Welfare Act of 1978[2] (ICWA) did not apply to Minor. For the reasons set forth *post*, we affirm the juvenile court's orders and findings.

## FACTUAL AND PROCEDURAL HISTORY[3]

In April 2021 plaintiff and respondent Riverside County Department of Public Social Services (the Department) received a referral that Mother and Minor tested positive for amphetamines when Minor was born.

When a social worker interviewed Mother at the hospital, she admitted using methamphetamine to " 'numb' her feelings."

M.B. and D.B. were living with their father, W.B. W.B. did not want to provide care for Minor until paternity was determined. W.B. believed A.B. could be Minor's possible father. A.B.'s whereabouts were unknown.[4]

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

[3] We will concentrate on the facts and procedural history that pertain to ICWA.

[4] M.B. and D.B. remained with W.B. and the three are not parties to Mother's appeal. A.B. is also not a party.

2

On April 23, 2021, the Department submitted warrant requests under section 340 to remove M.B. and D.B. from Mother's custody, and to remove Minor from Mother's and A.B.'s custody. The juvenile court granted the Department's request and issued the protective custody warrants.

On April 25, 2021, the Department filed section 300 petitions on behalf of the three children.

The ICWA-010(A) form, attached to the section 300 petition, provided that Mother and W.B. were asked about the Indian status of the three children on April 24, 2021. Both parents gave the social worker no reason to believe the three children were or might be Indian children. Since A.B.'s whereabouts were unknown, the Department was unable to obtain his statement regarding Native American ancestry.

On April 28, 2021, the juvenile court made temporary detention filings, detained the three children from Mother, and detained Minor from W.B. and A.B. The court found that the Department conducted a sufficient ICWA inquiry and that ICWA did not apply. Mother and W.B. filed ICWA-020s indicating no Indian status.[5] The court ordered DNA testing for Minor to determine paternity.

On May 21, 2021, the Department filed a first amended petition. Among other changes, the petition removed W.B. as Minor's father and added A.B. as Minor's father.

---

[5] W.B.'s ICWA-020 form noted all three children involved in the case. Mother's ICWA-020 form only noted M.B.'s name. However, it is reasonable to infer that Mother's response regarding her Indian status would be the same for her other two children. Moreover, at the detention hearing on April 28, 2021, the juvenile court stated, "The Court is in possession of the parental notification of Indian status of both mother and father. Neither parent is aware of any American Indian ancestry."

On June 28, 2021, the Department received DNA results excluding W.B. as Minor's father.

On July 8, 2021, at the contested jurisdiction and disposition hearing, the juvenile court found the Department conducted a sufficient ICWA inquiry and found that ICWA did not apply. The court removed Minor from Mother and A.B., ordered reunification services for Mother, and denied services to A.B.

The Department was unsuccessful in its efforts to locate A.B.

On January 31, 2022, at a contested section 366.21, subdivision (e), review hearing, the court continued reunification services for Mother, found that the Department conducted a sufficient ICWA inquiry, and that ICWA did not apply.

On September 15, 2022, the juvenile court terminated reunification services for Mother and set a selection and implementation hearing. Again, the court found that the Department conducted a sufficient ICWA inquiry and ICWA did not apply.

At the selection and implemental hearing on January 12, 2023, Mother was present. The court ordered Mother to appear at the continued hearing on April 11, 2023. The court found that ICWA did not apply.

At the continued hearing on April 11, 2023, neither Mother nor A.B. were present. The juvenile court found that Minor was likely to be adopted and found no applicable exceptions to adoption. Thereafter, the court terminated parental rights to Minor.

On May 25, 2023, Mother filed a timely notice of appeal.

4

## DISCUSSION

On appeal, Mother argues that the juvenile court erred in finding ICWA did not apply because the court failed to comply with the inquiry requirements under ICWA. For the reasons set forth *post*, we affirm the trial court's orders.

### A. LEGAL BACKGROUND

Under ICWA, the juvenile court and the Department have an " ' affirmative and continuing duty to inquire' whether a child in a dependency proceeding 'is or may be an Indian child.' " (*In re Ricky R.* (2022) 82 Cal.App.5th 671, 678, quoting § 224.2, subd. (a).) "The duty to inquire consists of two phases—the duty of initial inquiry and the duty of further inquiry." (*Ibid.*) Mother's argument concerns the duty of initial inquiry.

" 'The duty of initial inquiry applies in every dependency proceeding.' [Citation.] [The Department]'s 'duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' [Citation.] In addition, '[f]ederal regulations require state courts to ask each participant "at the commencement" of a child custody proceeding "whether the participant knows or has reason to know that the child is an Indian child." [Citation.]' [Citation.] Similarly, '[s]tate law requires the court to pursue an inquiry "[a]t the first appearance in court of each party" by asking "each participant present in the hearing "whether the participant knows or has reason to know that the child is an Indian child." ' " (*In re Andres R.* (2023) 94 Cal.App.5th 828, 841, review granted Nov. 15, 2023, S282054 (*Andres R.*).)

This court has recognized that "[i]n some cases, California law requires [the Department] to do more as part of its initial inquiry. Specifically, under section 224.2(b), '[i]f a child is placed into the temporary custody of a county welfare department pursuant to [s]ection 306,' [the Department] must ask 'extended family members' about the child's Indian status." (*Andres R.*, *supra*, 94 Cal.App.5th at p. 841, fn. omitted.)

"Section 306 authorizes a social worker to take a child into temporary custody 'without a warrant' in emergency situations, namely, when 'the social worker has reasonable cause to believe that the child has an immediate need for medical care or is in immediate danger of physical or sexual abuse or the physical environment poses an immediate threat to the child's health or safety.' [Citation.] Peace officers may also take children into temporary custody without a warrant when similar exigent circumstances exist [citations], and section 306 also permits the social worker to '[r]eceive and maintain, pending investigation,' temporary custody of a child 'who has been delivered by a peace officer.' [Citation.] By contrast, section 340 provides for the issuance of protective custody warrants, and on a weaker showing than is required for a warrantless detention under section 306. [Citations.] Section 340 also 'requires that "[a]ny child taken into protective custody pursuant to this section shall immediately be delivered to the social worker," who must then conduct an investigation "pursuant to [s]ection 309." ' " (*Andres R.*, *supra*, 94 Cal.App.5th at p. 841.)

"On appeal, we review the juvenile court's ICWA findings for substantial evidence. [Citations.] But where the facts are undisputed, we independently determine

whether ICWA's requirements have been satisfied." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1051.)

B.   THE DEPARTMENT DID NOT HAVE A DUTY TO INQUIRE OF MOTHER'S RELATIVES

In this case, Mother contends that the juvenile court erred because "[e]ven though there were maternal family members available from the beginning of the case and throughout the proceedings, there was no inquiry of them about Indian ancestry." The Department contends that "this court should affirm the trial court's order because the Department complied with inquiry duties under ICWA."

Under section 224.2, subdivision (b), the county welfare department must ask the "child, parents, legal guardian, Indian custodian, extended family members, . . . , whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).) However, there is a split of authority in this court on the issue of whether the duty to inquire of extended family members under section 224.2, subdivision (b), applies (1) only when a child is taken in temporary custody under section 306; or (2) applies in every case, regardless of whether the child is taken into "temporary custody" without a warrant under section 306 or is taken into "protective custody" pursuant to a warrant under section 340.

In three cases, several panels of this court have adopted the first view. (See *In re Robert F.* (2023) 90 Cal.App.5th 492, 599-594 (*Robert F.*), review granted July 26, 2023, S279743; *In re Ja.O.* (2023) 91 Cal.App.5th 672, 677-678 (*Ja.O.*), review granted July 26, 2023, S280572; *Andres R.*, *supra*, 94 Cal.App.5th at pp. 842-859.)

7

However, in a fourth decision, another panel of this court disagreed with *Robert F.*, *supra*, 90 Cal.App.5th 492, and concluded, "there is only one duty of initial inquiry, and that duty encompasses available extended family members no matter how the child is initially removed from [the] home." (*In re Delila D.* (2023) 93 Cal.App.5th 953, 962, review granted Sept. 27, 2023, S281447 (*Delila D.*); see also *In re V.C.* (2023) 95 Cal.App.5th 251; *In re Jerry R.* (2023) 95 Cal.App.5th 388; *In re C.L.* (2023) 96 Cal.App.5th 377.)

In a dissent in *Delila D.*, Justice Miller disagreed with the majority opinion. Instead, Justice Miller agreed with *Robert F.*'s finding that "the plain language of section 224.2, subdivision (b), controls and it only requires that the Department make an inquiry of extended relatives if the child 'is placed into the temporary custody of a county welfare department pursuant to Section 306.' " (*Delila D.*, *supra*, 93 Cal.App.5th at pp. 34-35 (dis. opn. of Miller, J.). Justice Miller went on to discuss the reasonings in *Robert F.* and *Ja.O.*, *supra*, which followed the holding in *Robert F.* and concluded, "I see no reason to depart from the reasoning of our previous cases of *Robert F.* and *Ja.O.*" (*Delila D.*, at p. 35.)

We agree with the dissent in *Delila D.*, and this court's reasonings and holdings in *Robert F.*, *Ja.O.*, and *Andres R.*

Here, as provided *ante*, on April 25, 2021, the Department submitted warrant requests under section 340 to remove M.B. and D.B. from Mother's custody, and Minor from Mother's and A.B.'s custody. The juvenile court granted the Department's request and issued the protective custody warrants. Two days after obtaining the warrants under

8

section 340, the Department filed a section 300 petition as to Minor. The petition states that Minor was detained on April 25, 2021, at 3:43 p.m.

Therefore, because the record reveals that Minor was detained after the Department obtained a detention warrant under section 340, not under the authority of section 306, the expanded duty of initial inquiry under section 224.2, subdivision (b), does not apply. (*Ja.O.*, *supra*, 91 Cal.App.5th at p. 679; *Robert F.*, *supra*, 90 Cal.App.5th at p. 500.)

Based on the above, we find the Department did not remove Minor under section 306. Hence, no further inquiry under ICWA was required.

## DISPOSITION

The juvenile court's findings and orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                    J.

I concur:

MENETREZ _____
                         J.

[*In re X.A.,* E081399]

RAMIREZ, P. J.

    I respectfully dissent. In my view, the analysis set forth in *In re Delia D.* is persuasive. (*In re Delila D.* (2023) 93 Cal.App.5th 953, 965-976, review granted Sept. 27, 2023, S281442; accord, *In re C.L.* (2023) 96 Cal.App.5th 377, 385-391, Third Dist.; *In re V.C.* (2023) 95 Cal.App.5th 251, 256-260, First Dist., Div. Two; *In re Jerry R.* (2023) 95 Cal.App.5th 388, 411-426, Fifth Dist.) Accordingly, I would conditionally reverse the order terminating parental rights with instructions to comply with California's provisions designed to implement and enhance the Federal Indian Child Welfare Act of 1978 (25 U.S.C. § 1901, et seq.), including subdivision (b) of Welfare and Institution Code section 224.2 and California Rules of Court, rule 5.481(a)(1).

                                            RAMIREZ
                                                      P. J.

1